INÉS PARRILLA, Plaintiff and Appellant, *v.* LOÍZA SUGAR COMPANY, Defendant and Appellee.

No. 6697. Argued November 18, 1935.—Decided February 20, 1936.

*Carlos D. Vázquez* for appellant. *Jaime Sifre, Jr., Horacio Franceschi,* and *Antonio J. Matta* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Section 2 of "An act regulating the collection of fees and costs in civil cases in the district and municipal courts in Puerto Rico, and for other purposes," approved March 11, 1915 (Session Laws, p. 45), reads in part as follows:

"That the schedule of fees to be paid in future for services rendered by the secretaries and marshals of the above mentioned courts, by affixing and canceling the corresponding internal revenue stamps as herein provided, shall be as follows:

"Schedule of Fees Payable to Secretaries

"*     *     *     *     *     *     *

"D. For each notice of appeal from a district court to the Supreme Court_____ $5.00."

Appellee moves to dismiss the present appeal on the ground that revenue stamps to the amount of $5.00 are not shown to have been affixed to the notice of appeal as copied in the record.

In opposition to this motion appellant presents a certified copy of an order permitting plaintiff to litigate *in forma pauperis.*

Appellee says that if the judgment roll fails to explain why the revenue stamps are not affixed to the notice of appeal, it is not susceptible of amendment except by a bill of exceptions or a statement of the case. Appellant is not

attempting to amend the judgment roll. If the certificate is an amendment of anything, it is an amendment of the notice of appeal which forms no part of the judgment roll. It can hardly be said to be an amendment even of a notice of appeal. It merely explains the absence of canceled revenue stamps.

Section 7 of the Law of 1915, *supra,* reads in part as follows:

"Any person residing in Porto Rico who desires to commence a civil action, but is unable to make the payment of fees required by this Act, may present to the secretary an affidavit setting forth the fact of said inability, together with a copy of his proposed complaint and the secretary shall thereupon submit said affidavit and said complaint to the judge of said court, and the said judge may, if he deems the complaint sufficient in law, permit the filing of said complaint and thereafter the plaintiff shall be entitled to all of the services of all court officers, and the benefits of all writs and processes, the same as if all fees were paid."

In *Rosado* v. *American Railroad Co.,* 37 P.R.R. 581, we held, as stated in the headnotes, that:

"An insolvent plaintiff who has obtained an order permitting him to sue *in forma pauperis* has the right to file a notice of appeal and to obtain a certified copy of the judgment roll without the payment of the fees prescribed by law."

Appellant now submits: That an alleged exemption from taxation should be strictly construed; that the filing of a notice of appeal is not included among "all of the services of all court officers" to which an insolvent plaintiff is entitled; that the language of section 7 should not be so liberally construed as to include by analogy or implication the filing of such notice of appeal without the payment of the fees prescribed by subdivision D of section 2, *supra;* that the doctrine of the *Rosado* case is clearly in conflict with the cardinal rule of strict construction and should now be abandoned; that the decision in the *Rosado* case is not only erroneous but the result is inequitable and unjust; that every one has a right to resort to the courts for the protec-

tion of his person and property and poverty should be no obstacle to the exercise of this right; that the prosecution of an appeal is not a matter of right but involves a question of privilege; and that to permit a plaintiff to exercise this privilege without payment of the prescribed fees as he may do under the doctrine of the *Rosado* case, is to put a premium on poverty and would be unjust to other litigants.

The first paragraph of section 2 purports to establish a schedule of fees *"for services rendered by the secretaries and marshals"* as specified in the succeeding subdivision of that section. Subdivision D is the fourth of these subdivisions and prescribes the fee "for each notice of appeal." By the express provisions of section 7 an indigent plaintiff who has obtained an order from the court permitting him to file his complaint *"shall be entitled to all of the services of all court officers,* and the benefits of all writs and processes, *the same as if all fees were paid."* This court in the *Rosado* case did not, by a liberal construction of the Law of 1915, include in the exemption from taxation the item of five dollars prescribed by subdivision D. The Legislature had already done this by an expression of its intention in words too plain to admit of construction. The rule of strict construction does not require nor can it justify the elimination by judicial legislation of any part of a law whatever the opinion of the court may be as to the wisdom of the enactment. The question as to whether plaintiff's right to exemption should end with the entry of judgment in the trial court or should include matters connected with an appeal from that judgment is a question the decision of which rests with the Legislature, not with the courts.

The motion will be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.